Plaintiff appeals pro se from denial of a motion for summary judgment, denial of a motion for writ of habeas corpus ad testificandum and from dismissal of his suit for want of prosecution.
The Supreme Court of Alabama in a companion case, Robert E.Whitehead v. Baranco Color Labs, Inc., 353 So.2d 793 (Ala. 1977), dismissed the appeal. The decision in that case is dispositive of the attempt here to appeal from the denial of summary judgment and writ of habeas corpus ad testificandum. It is sufficient to say that those rulings are not appealable orders.
The judgment of dismissal for want of prosecution remains for consideration.
Plaintiff Whitehead brought suit against defendants upon a note in the Circuit Court of Mobile County on January 16, 1976. Defendants answered and counterclaimed. On August 30, 1976, plaintiff notified the clerk of the court by letter that he had dismissed his counsel in some 14 lawsuits which he had filed or which were filed against him, that he would proceed in all cases pro se, and that he was a prisoner in the federal penitentiary in Atlanta, Georgia. He subsequently filed various motions and was in turn served with motions. One of plaintiff's motions was for writ of habeas corpus ad testificandum directing that plaintiff be brought to court from the penitentiary for all pre-trial hearings and for trial. That motion was duly denied.
Trial of the case was set for November 17, 1976. On that date, judgment was entered dismissing the case with prejudice for want of prosecution. Notice of pro se appeal was filed without post trial motion on December 13, 1977. Appeal was granted in forma pauperis.
Dismissal of an action for want of prosecution is allowed by Rule 41 (b), ARCP. This rule recognizes the inherent power of a court to manage its affairs so as to achieve the orderly and expeditious disposition of cases. Link v. Wabash R.R.,370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). As such dismissal is generally considered on appeal as an act of discretion by the trial court, such act will be reversed only for an abuse of discretion. Provenza v. H W Wrecking Co., 424 F.2d 629 (5th Cir. 1970).
There are a number of cases that deal with the general fact pattern of the dismissal for want of prosecution of an action brought pro se by one constrained by incarceration. 20 A.L.R.Fed. 488. In many of those cases where there were found to be abuses of discretion, there has been the factor of contribution to the default by some action of the court or the defendant. There are no such factors apparent in this record.
The record does not indicate any absence of notice of any proceeding. From aught appearing, plaintiff had notice of the regular setting of the case for trial. His efforts appear to have been directed toward compelling the court to bring him from a federal penitentiary to a state court for every hearing on every motion and for trial. He made no effort to secure a continuance nor take and preserve his testimony by deposition. From aught that appears from the record, plaintiff wilfully dismissed his counsel and appeared pro se by choice, not by necessity.
In view of the absence of any fact, other than incarceration, tending to excuse want of prosecution by the plaintiff, we are unable to determine an abuse of discretion by the trial court. The judgment of dismissal is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 378