This appeal concerns an involuntary dismissal by the trial court of Mr. Aguilar's civil action under ARCP rule 41 (b) which was occasioned by his failure to attend a mandatory pretrial hearing or conference.
Mr. Aguilar had sued a sheriff and a deputy sheriff for the alleged loss of some of his personal property while he was in their custody in the county jail.
His present complaint is that he was denied equal access to the trial court since that court dismissed his case solely because he could not personally attend court to pursue and prosecute his alleged cause of action inasmuch as he was, and still is, an imprisoned convict within the penal system of Alabama. He did not have an attorney and none was appointed by the court to represent him in this civil case, which is unrelated to his criminal confinement.
Rule 41 (b) of the Alabama Rules of Civil Procedure provides that a circuit judge may dismiss a plaintiff's claim for his failure to prosecute or to comply with the civil rules or with any order of the trial court. Under that rule, a civil action may be dismissed by the circuit court for the plaintiff's failure to appear at a pretrial conference. Lyons, 1 AlabamaPractice 339, § 16.5 (1973).
The following language used by one of Alabama's most scholarly and distinguished jurists, the late Justice James N. Bloodworth, in Hubbard v. Montgomery, 372 So.2d 315 (Ala. 1979) is dispositive of Mr. Aguilar's present complaints:
 This Court addressed the right of a prisoner to appear and testify in his own civil suit unrelated to his confinement in the recent case of Whitehead v. Baranco Color Labs, Inc., 353 So.2d 793 (Ala. 1977). We held that a prisoner has no such right. His proper course is to take his own oral or written deposition under Rule 30 or 31, ARCP, to be used at trial as specifically provided in Rule 32 (a)(3)(C), ARCP. (Although appellant had indicated he had an attorney, no appearance had been filed by the attorney.)
 We further find that in this case the trial judge did not abuse his discretion by dismissing the claim for want of prosecution in accordance with Rule 41 (b), ARCP.
 Plaintiff's position results from his own actions and not from those of the defendants or the court. Incarceration alone is no excuse to avoid a dismissal for want of prosecution. Whitehead v. Baranco Color Labs, Inc., 355 So.2d 376 (Ala.Civ.App. 1978).
 Plaintiff claimed to be indigent, and the court records reflect that he is indigent, *Page 527 
so that he was unable to hire counsel to prosecute his claim. He was not due to have counsel appointed, since this is a civil proceeding. Boulware v. Battlagia, 344 F. Supp. 889 (D.Del. 1972), aff'd, 478 F.2d 1398 (3d Cir. 1973).
 As we have already noted, he had no right to appear in person. Consequently, plaintiff was in a position which inevitably led to dismissal of his claim, a situation from which we are not in any position to extricate him.
Accordingly, we affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.