PER CURIAM.
This is an appeal from a dismissal for lack of prosecution.
Floyd English (appellant) filed a pro se action against Clifford L. Blackburn (appel-lee) for the recovery of fees allegedly owed him for services rendered. The case was set for trial on its merits, and the circuit court, on March 20, 1990, dismissed the action for want of prosecution due to the appellant’s failure to appear.
This appeal followed. We affirm.
The dispositive issue on appeal is whether the circuit court abused its discretion in dismissing the appellant’s action for failure to prosecute.
Initially, we note that the dismissal of one’s action for want of prosecution is a matter within the sound discretion of the
*1160 trial court. Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987).
It is uncontested that the appellant’s failure to appear was the result of his incarceration in an Alabama state prison. This court, however, has held that incarceration alone is not a sufficient excuse to avoid the dismissal of an action for want of prosecution. Whitehead v. Baranco Color Labs, Inc., 355 So.2d 376 (Ala.Civ.App.1978).
In the instant case, the appellant had legal vehicles available to assure that his testimony was before the circuit court. The record indicates that the appellant made no effort to preserve his testimony for use at trial pursuant to Rules 30, 31, and 32 of the Alabama Rules of Civil Procedure. While we recognize that the appellant is not learned in the law, we note that these rules apply equally to members of the bar and others, and that a prisoner has no right to appear in person at a civil suit unrelated to his confinement. Hines v. City of Mobile, 480 So.2d 1203 (Ala.1985).
The facts and circumstances of this case demonstrate that the circuit court did not abuse its discretion in dismissing the appellant’s action for failure to prosecute. Therefore, we affirm.
AFFIRMED.
All the Judges concur.