PER CURIAM.
Thomas Savage, a state inmate, pro se, filed what purports to be a complaint against the defendants, G. Robin Swift, Jr., Jan Cook, George C. Wallace, Jr., and Glen Browder, apparently in their capacity as members of the Alabama Board of Adjustment. The purported complaint was filed on a form provided by the Clerk of the United States District Court to prisoners *938 for making a complaint alleging constitutional violations by authorities. In Section V of the form, the instruction is to “STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED” to which Savage responded
“A. Defendants depriving Plaintiff of privacy of interests liberty of contents of the State of Alabama Board of adjustment of the Rule Number Nineteen property fail just compensate, B. Respondents depriving the Petitioner of privacy of interests liberty of contents of the State of Alabama Board of adjustment of the Rule Number Nineteen property fail just compensate,” [sic].
Section VI of the form instructs “STATE BRIEFLY (AND IN THE SAME ORDER) THE FACTS WHICH SUPPORT EACH OF THE GROUNDS SET OUT IN V. (STATE AS BEST YOU CAN THE TIME, PLACE, MANNER AND PERSON INVOLVED.)” Savage responded as follows:
“A. as Defendants omission fail to afford the Plaintiff due process due procedural the law, cause of action denial within its jurisdiction of the equal protection of the law. B. as Respondents omission fail to afford the Plaintiff due process due procedural the law, cause of action denial within its jurisdiction of the equal protection of the law,” [sic].
When asked what relief he was requesting from the court, in Section IX, Savage stated
“The Plaintiff seek Five Thousand American Dollars for mental anguish, Two Thousand American Dollars for punitive damages, Abrogate the Respondents of respectful public position” [sic].
The defendants thereafter filed motions to dismiss for failure to state a claim. Swift additionally filed a motion for a more definite statement, alleging that the complaint was so vague and ambiguous that Swift could not “reasonably be required to frame a responsive pleading,” citing the above portions of the purported complaint. The trial court granted Swift’s motion for more definite statement. Savage filed further disjointed, unintelligible documents. Thereafter, Swift filed a motion to dismiss the claim due to Savage’s failure to comply to the court’s order for more definite statement, and because the complaint failed to state a cause of action for which relief could be granted. Savage continued to file numerous baffling and incomprehensible documents. Thereafter, the trial court dismissed Savage's complaint as to all defendants and Savage, pro se, filed this appeal.
The only issue before us is whether the trial court abused its discretion in dismissing the purported complaint for failure to comply with the order to provide a more definite statement. We think not.
Rule 12(e), A.R.Civ.P., states in part: “If the motion [for more definite statement] is granted and the order of the court is not obeyed within ten days after notice of the order, or within such time as the court may fix, the court may strike the pleading ... or make such order as it deems just.”
Rule 41(b), A.R.Civ.P., authorizes a trial court to dismiss an action for failure to comply with any order of the court. A dismissal under this rule is generally considered on appeal as an act of discretion by the trial court. Whitehead v. Baranco Color Labs, Inc., 355 So.2d 376 (Ala.Civ.App.1978). An involuntary dismissal supported by credible evidence will not be set aside unless it is clearly erroneous or palpably wrong or unjust. Feaster v. American Liberty Insurance Co., 410 So.2d 399 (Ala.1982).
Savage’s “complaint” contains no facts from which the defendants could be expected to frame a defense. In fact, it is basically incomprehensible. As Swift’s brief noted in the statement of the facts, “Consequently, the facts, whatever they are, with regard to Savage’s complaint, whatever it is, are unknown.”
Upon being ordered to provide a more definite statement, one of Savage’s pleadings included his own motion for more definite statement, apparently asking the trial court to order the defendants to tell him what facts they desire. Savage failed to comply with the court’s order; therefore, the dismissal, either under Rule 12(e), *939 A.R.Civ.P., or Rule 41(b), A.R.Civ.P., was proper. Additionally, Savage’s failure to substantially comply with Rule 28, A.R.App.P. on appeal invites affirmance of the trial court’s judgment.
For the foregoing reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.