Vesta Fire Insurance Corporation appeals from a summary judgment entered in favor of Sears, Roebuck Company and White Consolidated Industries, Inc. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm in part, reverse in part, and remand.
Vesta issued a fire insurance policy insuring the home of Albert C. Wilkerson and Belinda M. Wilkerson. On September 28, 1992, the Wilkersons' home was destroyed by fire. Vesta sent an adjuster to the scene; he suspected that an air conditioning unit was the cause of the fire. The air conditioner had been manufactured by White and sold by Sears. Vesta retained a "cause and origin" expert, who conducted an investigation on October 3 and took numerous photographs. He concluded that the air conditioning unit had caused the fire. Shortly thereafter, he removed from the scene the air conditioning unit and the electrical receptacle into which the unit had been plugged at the time of the fire. In mid-October, the Wilkersons' home was demolished and the slab cleared. On November 10, Vesta's adjuster wrote a letter to Sears, putting it on notice for the first time of a potential claim against it.
Shortly after receiving the letter, Sears retained a "cause and origin" expert to conduct an investigation. He was given the opportunity to inspect the air conditioning unit Vesta's expert had removed from the scene and to view the photographs taken before the debris was cleared from the site of the fire. Sears's expert agreed that the fire started in the room where the air conditioner was located, but he concluded that the unit did not start the fire. White also retained an expert, who examined the air conditioner and photographs, and that expert, too, concluded that the air conditioner had not started the fire.
The Wilkersons and Vesta sued Sears and White, alleging that they had manufactured, sold, and/or distributed a defective air conditioning unit. The Wilkersons sought reimbursement for an uninsured portion of their loss and for pain and mental anguish. Vesta sought subrogation for its payment of the Wilkersons' insured loss. Sears and White moved for a summary judgment based upon the "spoliation of evidence" doctrine. The trial court entered a summary judgment as to all of Vesta's claims, but held that the Wilkersons could proceed to trial "only on the theory of whether in this case the air conditioner manufactured by White Consolidated Industries and sold by Sears was defective and whether that defect alone caused the fire in this case." Vesta appealed. The Wilkersons are not parties to this appeal.
The facts of this case are indistinguishable from the facts in Cincinnati Ins. Co. v. Synergy Gas, Inc., 585 So.2d 822
(Ala. 1991). In Cincinnati Ins., fire destroyed a home insured by Cincinnati. Within days of the fire, the company sent experts to examine the scene. They concluded that the fire was caused by an LP gas system. An investigator for the Alabama LP Gas Board removed and preserved the regulator from the LP tank, but during the rebuilding of the home the homeowners allowed all of the fire debris, including all of the LP gas system (with the exception of the regulator), to be removed from the premises. The homeowners and Cincinnati later sued Synergy. Synergy's expert stated that she could not formulate an opinion regarding the cause of the fire because the plaintiffs had not preserved any physical evidence from the fire scene and because the only item available for firsthand testing was the regulator preserved by the LP Gas Board investigator. The trial court dismissed the plaintiffs' claims because of *Page 384 
their failure to preserve evidence. In Cincinnati Ins., there was no allegation of malicious intent in the destruction of evidence, but the trial court found that it was "inconceivable that an insurance company who had investigators on the fire scene three days after the fire could fail to realize the importance of such evidence in future litigation." 585 So.2d at 824. Likewise, there is no allegation of malicious destruction of evidence in the case before us. In reversing the dismissal in Cincinnati Ins., our supreme court stated:
 "We can find no abuse of discretion on the trial court's part in dismissing the plaintiffs' claims that were based on the alleged malfunction of those components of the gas system that were destroyed by the plaintiffs. However, the plaintiffs urge us to allow them to proceed with their claims that are based on the alleged malfunction of the gas regulator, which is still available for further inspection by Synergy's experts. . . . This Court has a long-established and compelling policy objective of affording litigants a trial on the merits whenever possible. Although we do not condone the plaintiffs' willful destruction of the most crucial pieces of the evidentiary puzzle in this case, after careful review we are persuaded that, in keeping with this policy objective, the plaintiffs should be allowed to proceed to trial, but solely on the theory that the gas regulator was defective and that that defect alone caused the fire. By allowing the plaintiffs to proceed to trial solely on this theory, all of the applicable policy objectives will be furthered in this case. The plaintiffs will be afforded the opportunity to have a trial on the merits; the restriction of the plaintiffs' case to the single theory based on the allegedly defective regulator will serve to punish them for their willful destruction of crucial evidence and, therefore, to preserve the integrity of the discovery process; and Synergy will be assured of an opportunity to present an adequate defense."
585 So.2d at 827-28 (citations omitted).
Sears and White urge us to affirm the summary judgment as to Vesta's claims, citing Capitol Chevrolet, Inc. v. Smedley,614 So.2d 439 (Ala. 1993). In Capitol Chevrolet, Smedley and his insurance carrier sued Capitol Chevrolet and General Motors after Smedley's van was destroyed by fire. Before the defendants were notified of any claim or had had an opportunity to inspect the van, the insurance carrier sold it for salvage and it was destroyed. The defendants asked the trial court to dismiss the case because of spoliation of the evidence, but the trial court denied their motion. Our supreme court reversed, holding that the trial court abused its discretion in not dismissing the case because all of the relevant evidence had been irretrievably lost. Although much of the evidence in the case before us was destroyed, the air conditioning unit is still available; thus, this case is distinguishable fromCapitol Chevrolet and squarely on point with Cincinnati Ins.
Based on the authority of Cincinnati Ins., we conclude that the trial court erred in entering the summary judgment against Vesta as to all of its claims. Under almost identical circumstances, our supreme court allowed both Cincinnati Insurance and the insured homeowners to pursue the specific claim that the equipment available for testing and inspection caused the fire. We see no reason to treat Vesta differently here. It should be allowed to proceed to trial with the Wilkersons, but solely on the theory that the air conditioner was defective and that that defect alone caused the fire.
To the extent that the summary judgment against Vesta related to its claim that the subject air conditioner was defective and caused the fire that damaged the Wilkersons' home, that judgment is reversed. The remainder of the summary judgment is affirmed. The cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur. *Page 385