Sears, Roebuck and Co. and its employees Debbie McCarley, Frank Blankenship, and Larry Collins (hereinafter collectively "Sears"), the defendants in a civil action pending in the Jefferson Circuit Court, petition this Court for a writ of mandamus directing the trial court to vacate its order sanctioning Sears for violating the trial court's discovery order. We deny Sears's petition.
 I.
The underlying dispute in this case involves a workplace injury a Sears employee, Sonya Salter, suffered on December 1, 2000. On October 3, 2001, Salter sued Sears, alleging fraud, concealment, misrepresentation, intentional infliction of emotional distress, and suppression arising from the injury to her right foot. Sears denied Salter's claims and moved for a summary judgment.
On February 1, 2002, the trial court entered a scheduling order that provided *Page 327 
that all discovery in Salter's action was to be completed by March 31, 2002. On March 23, 2002, Salter served Sears with interrogatories and requests for the production of documents. On April 26, 2002, Sears responded to Salter's discovery requests, objecting to the production of certain documents.[1] Salter moved to compel Sears to produce the documents.
On May 10, 2002, the trial court denied Sears's summary-judgment motion and granted Salter's motion to compel. On May 17, Sears moved the trial court to certify its denial of Sears's summary-judgment motion for an interlocutory appeal pursuant to Rule 5, Ala. R.App. P. On May 20, Salter moved pursuant to Rule 37, Ala. R. Civ. P., to enforce the trial court's discovery order, and on May 24, Sears moved for a protective order. On May 31, the trial court certified its denial of Sears's summary-judgment motion for an interlocutory appeal, stayed the proceedings in the case except for discovery, denied Sears's motion for a protective order, and ordered Sears to provide Salter with the requested discovery within 10 days.
Sears sought permission for an interlocutory appeal of the denial of its summary-judgment motion with this Court (case no. 1011723), but did not provide Salter with any of the requested documents pursuant to the trial court's discovery order. On June 19, 2002, Salter again moved to compel production of the documents. On June 26, the trial court entered an order explaining that it did not stay discovery in its May 31, 2002, order. The trial court ordered Sears to provide Salter the requested discovery by July 1, 2002, and warned that it would sanction Sears by striking its pleadings if Sears failed to comply with the order.
On July 1, 2002, Sears filed with this Court an earlier petition for a writ of mandamus seeking protection from the discovery order (case no. 1011860). Sears also moved the trial court for a stay of discovery while its mandamus petition was pending. On July 19, 2002, this Court denied Sears's petition for permission to take an interlocutory appeal, finding that the trial court's certification failed to include a statement of the controlling issue of law, and it also denied Sears's mandamus petition.
On July 25, 2002, Sears moved the trial court to amend its May 31 order to include a proper statement of the controlling issue of law, and to recertify its order for an interlocutory appeal. On August 26, the trial court denied Sears's motion to recertify its order. The trial court also struck Sears's "pleadings as they relate to the fraud claims of [Salter]" as a sanction, because Sears had failed to comply with the July 1, 2002, discovery deadline.
Sears moved the trial court to reconsider the sanction it had imposed for Sears's violation of its discovery order. The trial court conducted a hearing on the issue. On October 1, 2002, the trial court denied Sears's motion to reconsider the discovery sanction. Sears now petitions this Court for a writ of mandamus ordering the trial *Page 328 
court to vacate its order striking Sears's pleadings as to Salter's fraud claims.
 II.
"This Court has on many occasions held that the trial courts have very broad discretion regarding discovery matters under Rule 26, [Ala.] R. Civ. P." Hunt v. Windom, 604 So.2d 395, 397 (Ala. 1992). Rule 37(b), Ala. R. Civ. P., also provides that a trial court may impose sanctions on a party for failure to comply with the court's discovery orders. Sears does not dispute that it failed to comply with the trial court's June 26, 2002, discovery order. The trial court acted within its discretion to impose sanctions; the only question before us is whether the sanction imposed is appropriate.
This Court last considered what constitutes an appropriate sanction for a discovery violation in Ex parte Seaman TimberCo., 850 So.2d 246 (Ala. 2002). At that time, this Court stated:
 "[T]he trial court in a discovery-abuse case must impose a sanction proportionate to and compensatory of the particular discovery abuse committed. Outright dismissal of the action is appropriate where the refusal to allow discovery is willful. A lesser sanction is appropriate where the conduct is not willful or the party accused of not complying with discovery was acting in good faith."
850 So.2d at 258. As a sanction in this case, the trial court struck "[Sears's] pleadings as they relate to the fraud claims of [Salter]." It is not immediately clear what the trial court intended the term "pleadings" to encompass.
In Sears's answer to Salter's complaint, Sears denied the material allegations Salter had made, while also asserting numerous affirmative defenses. Striking Sears's denial would in effect mean that Sears conceded that all of Salter's allegations of fraud are true, with the only remaining issue related to fraud being the amount of damages. Such a result would be overly harsh in light of the fact that Salter has suffered no legally cognizable prejudice as a result of Sears's actions. Accordingly, it does not appear that the trial court intended its August 26 order to be construed that broadly. More likely, the trial court intended its order to strike one or more of Sears's affirmative defenses, a sanction more appropriate and "proportionate to and compensatory of the particular discovery abuse committed."
 III.
Because Sears failed to comply with the trial court's June 26, 2002, order to provide Salter with the requested discovery by July 1, the trial court judge was well within his discretion to sanction Sears for discovery abuse. Accordingly, we deny Sears's petition for the writ of mandamus. However, the trial court's August 26, 2002, order outlining the sanction is unclear; therefore, we leave it to the trial court to clarify what aspect of the "pleadings" it intended to strike.
PETITION DENIED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., concurs in the result.
[1] Sears objected to the following requests by Salter:
 "Any and all reports . . . made in the last 5 (five) years to the State of Alabama Department of Industrial Relations involving any and all injuries on Defendant Sears['s] premises whether an injury to an employee or to any invitee."
 "Any and all reports of the last 7 (seven) years to Defendant Sears'[s] Workers' Compensation Insurance carrier of any and all accidents or injuries with respect to Defendant Sears employees at the Sears Century Plaza location or other such location of Defendant Sears in the metropolitan Birmingham, Alabama vicinity." *Page 329