896 So.2d 573 (2004)
James Brent BROWN
v.
Margaret Y. BROWN.
2030146.
Court of Civil Appeals of Alabama.
August 20, 2004.
*574 James Brent Brown, pro se.
Submitted on appellant's brief only.
CRAWLEY, Judge.
James Brent Brown is an inmate incarcerated in an Alabama prison. He was represented in a criminal postconviction matter by attorney Margaret Y. Brown. James sued his attorney in the Lee District Court, alleging fraud[1] and seeking the refund of his $1,000 retainer fee. After the case was dismissed in the district court on May 23, 2003, James appealed to the circuit court. On September 3, 2003, the circuit court set the case for a scheduling conference to be held on September 23, 2003. James filed what he entitled "Plaintiff's Written Deposition to be Used as Testimony at Scheduling Conference Pursuant to Rule 30, 31, and 32" on September 10, 2003. In that filing, James alleged that his attorney had instigated his postconviction proceeding in an untimely manner and that she had made false representations concerning her services. At the bottom of his filing, James wrote by hand the names, addresses, and phones numbers of three witnesses and the name of a fourth witness he intended to have attend the pretrial conference. When James did not appear at the scheduling conference, the circuit court dismissed the case without prejudice. James appealed, arguing that his case should not have been dismissed.
This court has affirmed a trial court's dismissal of an inmate's case for his failure to attend a pretrial conference. Aguilar v. Spradlin, 408 So.2d 525 (Ala.Civ.App.1981). Using as authority caselaw discussing the alternatives available to an inmate to preserve his testimony for trial, this court in Aguilar simply affirmed the dismissal without further discussion of what course of action would be available to an inmate who is unable to attend a pretrial conference where, presumably, his testimony would not be required. In light of the summary nature of the affirmance in Aguilar, we believe that we should consider anew whether a trial court should dismiss an inmate's case for his failure to attend a pretrial conference.
James's filing of his own "deposition testimony," even though notarized, would not have met the requirements of Rules 30, 31, or 32, and, therefore, would not have been admissible at trial or prevented a dismissal for lack of prosecution if James had failed to appear for trial. Veteto v. Swanson Servs. Corp., 886 So.2d 756, 768 (Ala.2003) (holding that inmate Veteto's self-deposition did not comply with Rules 30, 31, or *575 32 because it was not "on oath" and had not been taken pursuant to leave of court as required by Rules 30 or 31). However, James failed to appear for a pretrial conference set less than four months after he appealed his case from district court, not for a trial setting.
Rule 16, Ala. R. Civ. P., governs pretrial conferences. Pretrial conferences are intended to help facilitate an orderly presentation of issues for trial and to aid the court and the parties with scheduling matters such as deadlines for adding parties, amending pleadings, and conducting discovery. Arfor-Brynfield, Inc. v. Huntsville Mall Assocs., 479 So.2d 1146, 1149 (Ala.1985). In general, pretrial conferences are not intended to be a forum in which the parties present evidence. See Vreeland v. Marshall, 584 So.2d 809, 811 (Ala.1991) (holding that statements made during a pretrial conference were not "evidence or proceedings at a hearing or trial" and therefore could not be included in a Rule 10(d), Ala. R.App. P., statement of evidence). Therefore, although James's self-deposition would be inadmissible at trial, its shortcomings should have had no effect on the trial court's decision to dismiss James's case for his failure to appear at the pretrial conference.
Rule 16(f) provides that a trial court may impose sanctions for failing to appear at a pretrial conference, including dismissing the action. The rule specifically directs that the sanctions provided for under Rule 37(b)(2)(B), (C), and (D), Ala. R. Civ. P., are to be considered for situations where a party fails to appear for a pretrial conference. Generally, trial courts are given broad discretion to determine appropriate sanctions under Rule 37(b)(2). Ex parte Sears, Roebuck & Co., 882 So.2d 326, 328 (Ala.2003). Rule 16(f) permits a trial court facing a situation involving, among other things, a party's failure to appear at a pretrial conference to "make such orders with regard thereto as are just." Thus, we conclude that the trial court's decision to impose sanctions under Rule 16(f) would likewise be a matter of considerable discretion.
However, a trial court's discretion under Rule 37(b)(2) is not unfettered. "[A] trial court in a discovery-abuse case must impose a sanction proportionate to and compensatory of the particular discovery abuse committed." Ex parte Seaman Timber Co., 850 So.2d 246, 258 (Ala.2002). Likewise, a trial court considering an appropriate sanction under Rule 16(f) should do no less than consider whether a sanction is proportionate to the offense committed by the offending party. Is dismissal of a case for the failure of an inmate to appear at a pretrial conference appropriate?
As our supreme court has said: "We recognize that the sanction of dismissal is the most severe sanction that a court may apply. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction." Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989) (citations omitted). "[D]ismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal." Weatherly v. Baptist Med. Ctr., 392 So.2d 832, 837 (Ala.1981).
Federal courts have been urged to be "`"imaginative and innovative"'" in dealing with inmate complaints. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987) (quoting Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir.1977) (quoting in turn Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir.1976))). In fact, "[g]iven the charge to be `imaginative and innovative,'" at least one federal appellate court has urged the federal district courts to "consider all possibilities for affording a prisoner his day in court before dismissing his *576 case...." Poole, 819 F.2d at 1029. That court concluded that "[s]uch a harsh sanction `runs counter to the policy of the law favoring the disposition of cases on the merits.'" Id. (quoting Holt v. Pitts, 619 F.2d 558, 562 (6th Cir.1980)).
This state, too, "has a long-established and compelling policy objective of affording litigants a trial on the merits whenever possible." Cincinnati Ins. Co. v. Synergy Gas, Inc., 585 So.2d 822, 827 (Ala.1991). Although we have reversed trial courts for dismissing an inmate's case for failure to prosecute after the inmate has failed to appear at trial and the trial court has either denied or failed to consider both a petition ad testificandum and a motion for leave to take the inmate's deposition, see McConico v. Culliver, 872 So.2d 872 (Ala.Civ.App.2003), and Feagin v. Stokes, 837 So.2d 857 (Ala.Civ.App.2002), those cases do not answer the question whether a trial court abuses its discretion in sanctioning an inmate for his failure to appear at a pretrial conference by dismissing his case.
We recognize that the trial court's dismissal in the present case was the lesser of the two available dismissal sanctions, i.e., the dismissal was "without prejudice." However, James's self-deposition indicates that his action against his attorney likely arose on or about July 2000; the statute of limitations on malpractice actions against attorneys is two years, see Ala.Code 1975, § 6-5-574(a), so a successive complaint by James would likely be time-barred. Thus, the trial court's "dismissal without prejudice" is, in effect, with prejudice and is indeed the harshest sanction available.
In the present case, in light of the severity of the sanction, the short span of time between the filing of the appeal and the pretrial conference, and the lack of any pretrial motions (e.g., a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment) from the attorney, we cannot conclude that the trial court's decision to punish James's failure to appear at a pretrial conference by forever foreclosing his claims against his attorney from being decided on the merits is a warranted exercise of its discretion. Because of our decision, we must overrule Aguilar. We reverse the dismissal of James's action and remand the case for further proceedings. If James is again directed to appear at a pretrial conference, we urge the court to be "imaginative and innovative" in determining exactly how to proceed to have a meaningful pretrial conference involving an inmate.
REVERSED AND REMANDED.
MURDOCK, J., concurs.
YATES, P.J., concurs in the result, without writing.
PITTMAN, J., concurs in the result, with writing.
THOMPSON, J., dissents, without writing.
PITTMAN, Judge, concurring in the result.
Although I concur in the result to reverse the circuit court's judgment of dismissal, I do not agree that Aguilar v. Spradlin, 408 So.2d 525 (Ala.Civ.App.1981), is due to be overruled. Rather, in my view, this case is properly distinguished from Aguilar in that James Brent Brown made an effort to "appear" at the scheduling conference in the circuit court by timely filing a detailed written response to that court's September 3, 2003, order setting the date of that conference. The opinion in Aguilar contains no indication that the plaintiff in that case made any effort to "appear" at a scheduled pretrial conference that may be deemed comparable to James Brent Brown's, and a harsher sanction may indeed be appropriate under the Alabama Rules of Civil Procedure *577 where no such effort is made by an incarcerated plaintiff.
NOTES
[1] James's complaint against his attorney, however styled, is a legal service liability action under the Alabama Legal Services Liability Act, i.e., a malpractice claim. See Ala.Code 1975, § 6-5-572(a) (defining a "legal service liability action" as "[a]ny action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider").