Thomas J. Radford, the husband, appeals from a judgment entered by the Jefferson Circuit Court dismissing, without prejudice, his complaint for a divorce from Jacqueline C. Radford, the wife.
In November 2003, the husband filed a complaint for a divorce in the Jefferson Circuit Court. The husband alleged the he and the wife were married in 1969, that the wife resided in Birmingham, that he resided in the Limestone Correctional Facility and was "serving a twenty five year term in the State's prison system," and that he had resided in Alabama for more than six months preceding the filing of the complaint. The husband also alleged that the parties had one adult child, that the parties owned no real property, and that the parties had already divided their personal property. Further, the husband alleged that there had been an irretrievable breakdown of the marriage and that there was no reasonable likelihood that the marriage could be preserved. He requested that the trial court enter a judgment divorcing the parties and that it grant such other relief as the court deemed equitable. Attached to the complaint was a sworn statement by the husband stating that the contents of his complaint were true and correct to the best of his knowledge.
An entry on the case action summary sheet indicates that the wife was served with process in January 2004. The wife never filed an appearance or a responsive pleading to the husband's complaint.
In March 2004, the husband filed a motion for a default judgment and a brief in support thereof, alleging that the wife had been served with the complaint, that she had failed to file an answer or otherwise defend against the husband's allegations, and that he was entitled to the entry of a default judgment under Rule 55, Ala. R. Civ. P.
In April 2004, the husband filed a petition for a writ of mandamus with the Alabama Court of Criminal Appeals. The husband requested that the Court of Criminal Appeals direct the circuit court judge to enter a default judgment against the wife and in favor of the husband. The Court of Criminal Appeals transferred the petition to this court; this court denied the husband's petition in May 2004.[1] *Page 157 
According to an entry on the case action summary sheet, the trial court set the husband's case to be reviewed at a "call docket" scheduled for May 30, 2004. The record does not reflect what occurred at the call docket on May 30, 2004.[2]
However, according to June 2004 entries on the case action summary sheet, the case was continued and reset for the trial court's call docket on July 2, 2004. The trial court also set the case for trial on August 30, 2004. In mid-June 2004, the husband filed a motion requesting that the trial court enter an order requiring him to be transferred to the court for purposes of presenting "testimony" at the July 2, 2004, call docket.[3]
The trial court immediately entered an order denying the husband's transfer motion.
On July 2, 2004, the trial court entered an order of dismissal that stated:
 "THIS CAUSE was set on peremptory call docket, and upon proper notice being given, no one was present in court to answer the call of this case. In consideration thereof, it is,
 "ORDERED, ADJUDGED and DECREED that all issues pending herein are hereby dismissed for want of prosecution, without prejudice."
The husband appeals, contending that the trial court abused its discretion when it dismissed his complaint for lack of prosecution.[4]
After the trial court entered its judgment in this matter, and a few days before the husband filed his appellate brief, this court addressed whether dismissal is an appropriate sanction where an inmate fails to appear at a pretrial conference conducted pursuant to Rule 16, Ala. R. Civ. P. See Brown v.Brown, 896 So.2d 573 (Ala.Civ.App. 2004) (plurality opinion). InBrown, *Page 158 
this court reversed a trial court's dismissal of an inmate's complaint, stating:
 "As our supreme court has said: `We recognize that the sanction of dismissal is the most severe sanction that a court may apply. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction.' Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala. 1989) (citations omitted). `[D]ismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal.' Weatherly v. Baptist Med. Ctr., 392 So.2d 832, 837 (Ala. 1981).
 "Federal courts have been urged to be `"`imaginative and innovative'"' in dealing with inmate complaints. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (quoting Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977) (quoting in turn Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir. 1976))). In fact, `[g]iven the charge to be "imaginative and innovative,"' at least one federal appellate court has urged the federal district courts to `consider all possibilities for affording a prisoner his day in court before dismissing his case. . . .' Poole, 819 F.2d at 1029. That court concluded that `[s]uch a harsh sanction "runs counter to the policy of the law favoring the disposition of cases on the merits."' Id. (quoting Holt v. Pitts, 619 F.2d 558, 562
(6th Cir. 1980)).
 "This state, too, `has a long-established and compelling policy objective of affording litigants a trial on the merits whenever possible.' Cincinnati Ins. Co. v. Synergy Gas, Inc., 585 So.2d 822, 827
(Ala. 1991)."
Brown, 896 So.2d at 575-76.
Although Brown involved a dismissal that was, in effect, a dismissal with prejudice, we conclude that the rationale ofBrown mandates reversal in the present case. Like the present case, Brown involved a dismissal based on an inmate's failure to attend a pretrial proceeding that generally does not include the presentation of evidence. See Brown, 896 So.2d at 575. Moreover, the proceeding at issue in Brown was a pretrial conference conducted pursuant to Rule 16, Ala. R. Civ. P. Id.
at 574. Rule 16 at least puts a litigant on constructive notice of matters the trial court might consider at such a conference. The present case, however, involves an inmate's failure to attend a "call docket," a term not found in the Rules of Civil Procedure. Further, there is no indication in the record that the trial court expected the husband to introduce evidence of any nature at the call docket or that the husband was aware, or reasonably should have been aware, of what matters the trial court might have expected the husband to address at the call docket. In response to his receipt of notice of the call docket, the husband requested that he be allowed to attend that proceeding. The trial court denied that request. While the husband, as an inmate, did not have a right to attend a civil proceeding unrelated to his confinement, see, e.g., McConico v.Culliver, 872 So.2d 872 (Ala.Civ.App. 2003), we perceive of nothing in this case other than the husband's filing of that request that he should have done, but did not do, that would justify a finding of failure to prosecute this action. CompareFeagin v. Stokes, 837 So.2d 857 (Ala.Civ.App. 2002); see alsoMcConico, 872 So.2d at 875.
Finally, we note that a plurality of this court observed inBrown:
 "Using as authority caselaw discussing the alternatives available to an inmate to preserve his testimony for trial, this court in Aguilar [v. Spradlin, 408 So.2d 525 (Ala.Civ.App. 1981),] simply affirmed the dismissal without further discussion of what course of action would be available to an inmate who is unable to attend *Page 159 
a pretrial conference where, presumably, his testimony would not be required. In light of the summary nature of the affirmance in Aguilar, we believe we should consider anew whether a trial court should dismiss an inmate's case for his failure to attend a pretrial conference."
896 So.2d at 574. If analysis of the nature employed by this court in Aguilar were applied in the present case, it would foreclose the result we reach in this case, and our decision therefore necessarily overrules Aguilar to that extent.[5]
Based on the compelling policy objective of affording litigants a trial on the merits whenever possible, we conclude that, under the circumstances presented, the trial court abused its discretion when it determined that the husband's conduct mandated dismissal of his action. Accordingly, the trial court's judgment is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., concurs.
PITTMAN, J., concurs in the result, with writing, which THOMPSON, J., joins.
BRYAN, J., concurs in the result, without writing.
[1] One of the contentions made by the husband on appeal is that the trial court erred by failing to enter a default judgment against the wife. Rule 55(e), Ala. R. Civ. P., however, states that "[n]o judgment by default shall be entered against . . . parties to an action for divorce or annulment of marriage unless the claimant establishes the party's claim or right to relief by evidence." The husband presented no evidence to support his motion for a
 default judgment. See Veteto v. Swanson Servs. Corp., 886 So.2d 756 (Ala. 2003) (discussing the presentation of evidence by an incarcerated party through the use of a deposition under Rules 30 and 31, Ala. R. Civ. P.). Contrary to the husband's argument on appeal, his complaint, accompanied by his sworn statement as to the truthfulness of its contents, is not evidence.
[2] A letter from the husband to the circuit court clerk was filed with the court on June 10, 2004. In the letter, the husband stated:
 "I am writing to your office concerning the final disposition in my divorce case. A hearing was held on May 20, 2004, and prior to that hearing I filed a motion for default judgment against the defendant. However, I have become interested in the final disposition of obtaining the bill of divorce. Further, if there was transcripts of a hearing, please forward me a copy.
 "If your office would be kind enough to search my file for any ruling rendered by the trial court, I would appreciate it very much if you would forward the same to me."
The record contains no information concerning a hearing on May 20, 2004. The husband is apparently referring to the original May 30, 2004, call-docket setting.
[3] The husband is apparently under the mistaken impression that he was required to present testimony at the July 2, 2004, call docket, but there is no indication in the record that the "call docket" included an evidentiary hearing. See Brown v.Brown, 896 So.2d 573, 575 (Ala.Civ.App. 2004) (plurality opinion) ("In general, pretrial conferences are not intended to be a forum in which the parties present evidence.").
[4] In support of his argument, the husband cites, in part,McConico v. Culliver, 872 So.2d 872 (Ala.Civ.App. 2003), andFeagin v. Stokes, 837 So.2d 857 (Ala.Civ.App. 2002). InMcConico and Feagin, both of which involved an inmate's failure to attend trial, this court reversed trial-court orders that had dismissed inmates' complaints based on a lack of prosecution. The inmate at issue in each case had filed a motion to take his own deposition, which was either denied by the trial court or apparently not considered by the trial court; the trial court had also denied the inmates' requests to be present at trial. McConico, 872 So.2d at 875; Feagin, 837 So.2d at 860.
[5] By overruling Aguilar to this extent, we merely recognize, as we must, that the summary analysis employed inAguilar is simply incompatible with the result we reach in the present case. Nothing in this opinion is intended to suggest that the result reached in Aguilar was necessarily wrong or that trial courts do not retain the discretion to dismiss actions "when there is a clear record of delay, willful default or contumacious conduct by the plaintiff." See, e.g., Selby v.Money, 403 So.2d 218, 220 (Ala. 1981).