The main opinion correctly concludes that dismissal of the husband's action for want of prosecution based upon his failure to attend a call of a docket[6] was an unwarranted sanctionin this case. However, as I opined in Brown v. Brown,896 So.2d 573 (Ala.Civ.App. 2004), the efforts of an incarcerated plaintiff, such as the husband in this case and the plaintiff inBrown, to "appear" at scheduled pretrial conferences renderAguilar v. Spradlin, 408 So.2d 525 (Ala.Civ.App. 1981), distinguishable. 896 So.2d at 576 (Pittman, J., concurring in the result). Nor do I agree that Aguilar must be overruled: while incarcerated civil litigants should arguably be afforded a modicum of indulgence with respect to matters customarily calling for personal appearance of litigants or counsel, our circuit courts, as a matter of sound policy, must retain the discretion to dismiss actions "when there is a clear record of delay, willful default or contumacious conduct by the plaintiff." Selbyv. Money, 403 So.2d 218, 220 (Ala. 1981).
THOMPSON, J., concurs.
[6] Rule 78, Ala. R. Civ. P., provides that "[e]ach circuit court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of."