Reginald Lacroix **POOLE**

v.

Larry **LAMBERT, et al.**

Civ. No. C 85–3472.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 1, 1986.

Reginald L. Poole, pro se.

W. O'Neal Dettmering, Jr., Douglasville, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This § 1983 civil rights action is before the court pursuant to its order of December 3, 1985, for pretrial evaluation.

Plaintiff is a black federal prisoner serving a twenty year regular adult sentence. He is incarcerated at the Federal Correctional Institute in Leavenworth, Kansas. He is appearing *pro se,* and proceeds *in forma pauperis* in this action. He seeks damages for treatment received while he was confined in the Douglas County, Georgia jail, alleging that jail officials repeated-

ly discriminated against him and his fiancée with respect to his visitation privileges. Specifically, Plaintiff alleges that when his fiancée (allegedly now his wife) visited on several occasions she received different treatment from that received by white visitors. She was made to wait to visit Plaintiff while the white visitors proceeded to begin their visits immediately. Further, Plaintiff alleges that he was allowed fewer contact visits with his fiancée than white inmates were allowed with their visitors, and that he was not permitted to receive a Christmas package from her. Plaintiff alleges that this greatly upset his fiancée and caused her to lose feeling in her right hand. Plaintiff claims that Defendants' action violated his Fifth and Eighth Amendment rights.

Plaintiff has adequately complied with this court's December 3, 1985 order to come forward with certain evidence relevant to this case. In his response to that order, Plaintiff also states that he is unable to afford the cost of a trip from Leavenworth, Kansas to Atlanta, Georgia for the trial. Plaintiff requests the court to order the government to assume the cost of that trip, as well as the cost of bringing two federal inmates to Atlanta for the trial.

Although Plaintiff's claims are not facially meritless, the court finds there is no reasonable likelihood that a jury would award Plaintiff sufficient damages to cover the cost of his trip to Atlanta. Some of the damages Plaintiff seeks to collect are for injuries allegedly sustained by his fiancée/wife. Additionally, it is not clear based on Plaintiff's proffer of evidence that most visitors who received more favorable treatment than Ms. Gordon had no marital relationship to the inmate involved. The court is thus unwilling to require the government to assume the cost of Plaintiff's trip to Atlanta.[1]

This case will be called for trial on May 19, 1986, at 10:00 a.m., in Courtroom 1908, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia. On that date, the trial

---

1. The court further finds that the presence of inmate witnesses Chambers and Roberts is not reasonably necessary to the presentation of Plaintiff's case.

will be conducted in Plaintiff's absence. Plaintiff is responsible for notifying his witnesses of the date, time and location at which they are to appear, and for making sure that they are in court. If no witnesses appear for the Plaintiff, this case will be dismissed with prejudice.