**Reginald Lacroix POOLE, Plaintiff-Appellant,**

v.

**Larry LAMBERT, et al., Defendants-Appellees.**

**No. 86–8500**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 19, 1987.

---

Howe, Sutton, McCreary & Dettmering, W. O'Neal Dettmering, Jr., Douglasville, Ga., for defendants-appellees.

Before TJOFLAT, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

### BACKGROUND

Appellant Poole is a federal inmate who since his conviction on federal criminal charges has been incarcerated in Leavenworth, Kansas. While awaiting trial in the Northern District of Georgia during 1984 and 1985, Poole, who is black, was housed at the Douglas County Jail in Douglasville, Georgia pursuant to a contractual agreement between Douglas County and the United States Marshall's office. Poole later filed this *pro se* complaint under 42 U.S.C. § 1983 against defendants Lambert, McClure and Whitley, officers at the Douglas County Jail, alleging discrimination on the basis of race against himself and his fiance (now his wife), Patricia Poole, with respect to visitation privileges. More specifically, Poole alleged that on several occasions his fiance received different treatment than that accorded white visitors, that she was made to wait to begin her visit while white visitors were allowed to begin their visits immediately, and that he was allowed fewer contact visits with his fiance than white inmates were allowed with their visitors. Poole sought both compensatory and punitive damages.

The district court ordered Poole to provide a list of his prospective witnesses, along with a summary of the testimony which he and his witnesses would give. Poole complied by naming himself, Patricia Poole, two federal prisoners, Chambers and Roberts, who were in custody with him at the Douglas County Jail, their respective wives, and one additional white female. Poole also listed several doctors, friends, and relatives of Patricia who could testify as to the emotional and physical injuries she allegedly suffered as a result of the defendants' actions. Poole then moved for appointment of counsel. He also requested that the court order the government to assume the cost of transporting him from Leavenworth, Kansas to Atlanta, Georgia for trial, plus the cost of bringing his two federal inmate witnesses to Atlanta for the trial as well.

Although the district court found that Poole's claims were not facially meritless, it refused his request to be brought to Atlanta at government expense. This ruling was based solely upon the court's determination that there was no reasonable likelihood that a jury would award Poole sufficient damages to cover the cost of his transportation from Leavenworth to Atlanta. In addition, the court found that the presence of inmate witnesses Chambers and Roberts was not reasonably necessary to the presentation of Poole's case, and accordingly denied his request for their transportation. However, the district court never ruled on Poole's motion for appointment of counsel. The court ordered that the trial would be conducted in the plaintiff's absence, and instructed Poole to have his witnesses appear at the federal courthouse in Atlanta on May 19, 1986. The court admonished that if no witnesses appeared, Poole's case would be dismissed with prejudice. 632 F.Supp. 1172.

Poole subsequently filed several motions, including a motion for relief from the order, a motion to recuse the trial judge, and a motion for a continuance, in addition to a petition for a writ of habeas corpus *ad testificandum* to secure his presence at trial. The district court denied all of Poole's motions, and when none of Poole's witnesses appeared in court on the scheduled trial date, the district court entered an order dismissing the case with prejudice for failure to prosecute. Poole's appeal raises several issues, but he primarily challenges the propriety of the dismissal in light of the district court's failure to appoint counsel or to secure his presence for trial. Although we recognize the special problems that prisoner cases such as this create for district courts, under the particu-

lar circumstances of this case we hold that the dismissal of appellant's lawsuit with prejudice is an unduly severe sanction.

## DISCUSSION

 A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985); *Mekdeci v. Merrell Nat'l Laboratories*, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983). The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *Wahl*, 773 F.2d at 1174; *see also Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir.1980) (it is a service to both the court and the plaintiff for counsel to explain applicable legal principles and to limit litigation to potentially meritorious issues).

 Moreover, lawful incarceration necessarily limits an inmate's right to plead and manage his own case personally. *See Price v. Johnston*, 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1059–60, 92 L.Ed. 1356 (1948). Thus, in the present case, Poole has no absolute right to be present at the trial of his civil action.[1] The decision to issue a writ of habeas corpus *ad testificandum* to permit a prisoner to be present for his own trial is a matter committed to the sound discretion of the district court. *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir.1977) (citations omitted). In determining whether to issue such a writ, our precedent counsels that the district court should consider such factors as "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.* (citation omitted). The *Ballard* court specifically directed, however, that a dis-

trict court should not base its discretion on the probability that a prisoner will succeed on the merits of his claim, because such a factor focuses on the ultimate result of the action rather than on the need for the prisoner's testimony vis-a-vis the difficulties attendant in securing it. *Id.* at 481.

 The district court in this case never expressly ruled on Poole's motion for appointment of counsel. Although the court did consider Poole's motion for a writ of habeas corpus *ad testificandum*, it apparently examined only one of the several factors enumerated in *Ballard, i.e.* the expense of transporting Poole to Atlanta for trial. In light of the district court's failure to rule on Poole's motion for counsel and the court's failure to consider all the *Ballard* factors, a dismissal based upon the non-appearance of Poole's witnesses is too harsh a result. Cases from other circuits support our conclusion that a dismissal for failure to prosecute is unwarranted under these circumstances. *See Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir.1980) (although court properly refused to order plaintiff's production at hearing, dismissal of plaintiff's case was abuse of discretion); *Heidelberg v. Hammer*, 577 F.2d 429, 430–31 (7th Cir. 1978) (court erred in dismissing action at least until other possible methods of disposing of case on the merits had been explored and found not feasible).

 Although we are aware of the problems presented by these prisoner cases, this court has "urged district courts to develop 'imaginative and innovative methods of dealing with the flood of prisoner complaints and suits, most of which are brought under [42 U.S.C. §] 1983 and filed *in forma pauperis*.'" *Ballard*, 557 F.2d at 480 (quoting *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir.1976)). After determining that such a case has some merit, the district court initially should consider the plaintiff's request for counsel, if one is made, in light of the complexity or novelty of the issues presented. We do not inti-

---

1. The absence of such a right is in sharp contrast to a defendant's constitutional prerogative of being present in person at each significant

stage of a criminal felony prosecution. *Price*, 334 U.S. at 285, 68 S.Ct. at 1059.

mate that Poole should have been afforded counsel in this case; we merely state that his motion should have been carefully reviewed and responded to by the court.

■ Where an inmate plaintiff files for a writ of habeas corpus *ad testificandum,* the district court must exercise its discretion based upon consideration of all the factors listed in *Ballard.* The district court's refusal to grant the writ in this case may have been perfectly appropriate, but this court is unable to make that determination unless the trial court evaluates all the relevant considerations. We add, however, that the district court should be careful not to consider the probability that the plaintiff will prevail on the merits of the claim, although we do not necessarily consider it improper for the court to assess the nature and extent of any relief the plaintiff might obtain.

■ Given the charge to be "imaginative and innovative" in dealing with prisoner cases, a district court should consider all possibilities for affording a prisoner his day in court before dismissing his case for failure to prosecute. Such a harsh sanction "runs counter to the policy of the law favoring the disposition of cases on the merits." *Holt,* 619 F.2d at 562. Appointing counsel or transferring the inmate to the place of trial are the most obvious possibilities, but neither may be practical or even feasible in many situations. Other alternatives, however, include a bench trial within the prison if the parties waive a jury, or the presentation of evidence by depositions. *See Heidelberg,* 577 F.2d at 431. Another option would be to continue the case if the prisoner's release is imminent. *Id.* Finally, if forced to conduct a trial without the inmate plaintiff or his representative, the district court should fully inform the plaintiff as to the exact manner in which the trial will be conducted and carefully instruct him as to how he may present his evidence and testimony to the court. While a prisoner has no right to be provided counsel or even to be present at his civil trial, he does have the legitimate

expectation that his allegations and evidence will be fully and fairly considered. In cases such as this, a dismissal for failure to prosecute is justified only as a last resort, after other possible methods of disposing of the action on the merits have been fully explored and where the prisoner does not cooperate with the diligent efforts of the district court.

■ The only other issue meriting discussion is Poole's contention that the district court erred in failing to bring to Atlanta for trial witnesses Chambers and Roberts, who were imprisoned with him at the Douglas County Jail and who allegedly had first-hand knowledge of the facts of his complaint. The district court refused to order their presence, finding that their testimony was not reasonably necessary to the presentation of Poole's case. The district court may properly refuse to subpoena witnesses whose testimony is merely cumulative or repetitive. *See Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). Since Poole indicated that Ms. Chambers and Ms. Roberts would give essentially the same testimony as their husbands, the testimony of the two inmates clearly would be cumulative and thus not highly material to Poole's case. The district court therefore did not abuse its discretion in failing to issue writs of habeas corpus *ad testificandum* for these witnesses.[2]

## CONCLUSION

The district court in this case failed to rule on Poole's motion for appointment of counsel, and failed to evaluate all the *Ballard* factors before denying Poole's request for a writ of habeas corpus *ad testificandum.* In light of the fact that appellant was neither represented by counsel nor allowed to manage his case in person, the district court erred in dismissing his case for failure to prosecute without first considering other alternatives to achieve a disposition on the merits. Under these circumstances, we VACATE the district

---

**2.** Poole also alleges that he was denied equal protection of the law and that the district court

was biased against him. We reject these arguments as totally lacking in merit.

court's order and REMAND this case for proceedings consistent with this opinion.