UNITED STATES COURT OF APPEALS

**Filed 6/18/96**

FOR THE TENTH CIRCUIT

DAVID BRUCE HAWKINS,

    Plaintiff-Appellant,

v.

GARY D. MAYNARD, Warden, Previous
Director of the Oklahoma Department of
Corrections; LARRY FIELDS, Present
Director of the Oklahoma Department of
Corrections; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
DAVID HAUCK, SAMUEL EARLS,
DAMON SMOOT, all employees of the
Oklahoma Department of Corrections;
SERGEANT MOOREY; RICK PETERS;
STEPHEN W. KAISER, Warden of
Lexington Correctional Center; STEVE
HARGETT, Warden, Oklahoma State
Reformatory,

    Defendants-Appellees.

No. 95-6301
(D.C. No. CIV-93-181-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant David Bruce Hawkins appeals from the district court's verdict in favor of defendants on his complaint pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Plaintiff brought this action seeking monetary damages and injunctive relief for alleged violations of his Eighth Amendment rights. He contends that he was sexually assaulted by a male unit manager of the Department of Corrections. He alleges that he was threatened and beaten when he refused the unit manager's sexual demands, and that when he eventually acceded to the demands out of fear, the unit manager repeatedly raped him. He further claims that when he later stopped submitting to the unit manager's demands, the unit manager retaliated by allowing an article, which suggested that plaintiff had informed on another inmate, to be published in an inmate newspaper. This article, he says, resulted in a contract being placed on plaintiff's life. Plaintiff claims that he filed an administrative complaint concerning these facts, which was not acted upon but which resulted in further retaliation and harassment against him by defendants. The defendants, he asserts, also

showed deliberate indifference to his medical needs resulting from the sexual assaults and beatings.

This case was tried to the district court without a jury. The district court reached a verdict in favor of defendants on all of plaintiff's claims, and entered judgment against plaintiff. Plaintiff raises a number of issues, both procedural and substantive, which he contends entitle him to reversal of the judgment against him.

Plaintiff contends that he was entitled to be physically present at his trial, at the arbitration hearing, at the settlement conference, and at depositions taken in his case. He also argues that he was entitled to have certain inmate witnesses physically present at his trial. He contests the district court's denial of his requests for writs of habeas corpus ad testificandum for this purpose. See 28 U.S.C. § 2241(c)(5).

A prisoner does not have an absolute right to be present at his civil trial or pretrial proceedings. See Price v. Johnston, 334 U.S. 266, 285-86 (1948). The decision to issue a writ of habeas corpus ad testificandum to permit a prisoner's presence is committed to the sound discretion of the district court. Poole v. Lambert, 819 F.2d 1025, 1027 (11th Cir. 1987). In determining whether to grant the writ, the court must weigh the prisoner's need to be present against concerns of expense, security, logistics and docket control. Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 111-12 (4th Cir. 1988). A similar standard applies where the testimony of incarcerated nonparty witnesses is sought. See Jerry v. Francisco, 632 F.2d 252, 255-56 (3d Cir. 1980).

Issuance of a writ of habeas corpus ad testificandum is merely one of many ways to insure that an inmate receives his "day in court." Holt v. Pitts, 619 F.2d 558, 562 (6th Cir. 1980). Other possibilities include a bench trial in the prison, presentation of evidence by deposition, appointment of counsel, and postponement of the case if the inmate will be released within a reasonable time. Id. Here, plaintiff had counsel to represent him at trial and during the pre-trial proceedings. Both he and his witnesses gave trial depositions which were considered by the district court during the bench trial. His counsel took the deposition of the alleged perpetrator of the sexual abuse, and other defense witnesses, prior to trial. See Jones v. Hamelman, 869 F.2d 1023, 1030 (7th Cir. 1989). Under these circumstances, the district court did not abuse its discretion in denying plaintiff's petition.[1]

Plaintiff next contends that the district court should have held his trial at his place of incarceration. As Poole indicates, holding a trial at the penitentiary is one means of addressing the inmate's limited right to attend his own trial and to have witnesses present. However, the question of whether to hold trial at the penitentiary is committed to the court's sound discretion. Cf. Poole, 819 F.2d at 1029 (identifying trial at penitentiary as an "option" for district court to consider). Of the nineteen inmates plaintiff identified in the pretrial conference order, only three were listed as being incarcerated at the Lexington Correctional

---

[1]     Plaintiff further asserts the district court abused its discretion by failing to analyze the factors identified above in assessing his request for the writ. While a full analysis of the factors surrounding a decision to grant or deny the writ is preferable, where as here there were clear grounds for denying it, the omission was not reversible error. See Jones, 869 F.2d at 1030 (magistrate simply wrote "denied" on petition; no reversible error).

Center.  Similarly, only seven of the nineteen inmates were listed as being incarcerated at J.C.C.C.  Trial at either J.C.C.C. or Lexington would not, therefore, have solved the "inmate witness problem."  Given the other steps it took to provide plaintiff with his day in court, the district court acted within its discretion in not holding trial at the penitentiary.

A similar analysis applies to plaintiff's contention that the district court should have stayed his trial until he was released from prison.  A stay or continuance until a prisoner is released, if the release is imminent, is one of the options open to the district court.  See id.  Plaintiff is serving an extended sentence, however, which would have made a stay a poor option.  The district court did not abuse its discretion by not granting a stay.

Plaintiff contends that he consented to a trial to the court on the understanding that his trial would be held at the penitentiary.  This contention is unsupported by the record.  In the same document in which he withdrew his request for jury trial, plaintiff requested that the trial be held at J.C.C.C.  The request makes no reference to any understanding or stipulation with the district court concerning the place of trial.  Plaintiff points us to no other evidence of the purported agreement.

Plaintiff next claims, perhaps inconsistently, that his counsel withdrew his jury demand without his permission, requiring reversal.  This claim also is frivolous.  A civil plaintiff may waive his right to jury trial through written stipulation by counsel.  See  Fed. R. Civ. P. 39(a)(1).  This is exactly what occurred here.  Plaintiff cites no authority which requires the court to inquire into the client's authorization of such a waiver.

Plaintiff claims that defendants presented false and perjured testimony at the arbitration hearing and the trial, and that they subverted his witnesses with inducements and threats, causing them to lie at his trial. Plaintiff relies solely on the evidence presented to the district court and contained in the record, which he contends demonstrates the falsehoods, inducements and threats. In reaching its verdict, the district court discounted plaintiff's theory that defendants subverted witnesses who would otherwise have testified truthfully on his behalf. We analyze the district court's factual determination using a "clearly erroneous" standard of review. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Having reviewed the evidence cited to us by plaintiff, we cannot say that the district court's conclusions were clearly erroneous. We therefore reject plaintiff's contention.

Plaintiff presents one piece of new "evidence" which he says shows that defendant Rick Peters lied at trial. He attaches to his brief a photocopy of a photograph of a man standing in front of a set of windows, some of which have venetian blinds. Plaintiff contends that this unauthenticated photograph, lacking in foundation of any kind, demonstrates that Rick Peters lied about his windows not being covered during the alleged acts of abuse. As this photograph, by itself, proves nothing, plaintiff's contention is without merit.

Plaintiff claims that the district court improperly failed to sequester the witnesses. The trial minute order and the trial transcript[2] indicate that the sequestration rule was

---

[2] This court supplemented the record, on its own motion, to include a transcript of the trial proceedings.

invoked, and that the court properly informed plaintiff that party defendants could not be excluded. Plaintiff's issue is without merit.

Plaintiff argues that his counsel was prohibited from making an opening statement and a closing argument. Plaintiff's counsel waived his opening statement. Neither defendant nor plaintiff made a closing argument; this was a trial to the court and closing argument was not requested by either party. Plaintiff's issue is without merit, as is his contention that his counsel was prevented from calling any rebuttal witnesses or entering any evidence at trial.

Plaintiff's assertion that his counsel was ineffective, requiring reversal, is without merit. The Sixth Amendment right to effective assistance of counsel does not apply in a civil cases; ineffective assistance of counsel does not result in reversal of civil judgments. See MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988).

Plaintiff's motions to supplement the record are denied. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

7