[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13155
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20936-CV-UU

WILLIAM SIMS,

Plaintiff-Appellant,

versus

HIEP NGUYEN,
Chief Health Officer,
STEVEN SINGER,
JOHN DOE,#1-6,
MD JULIO POVEDA,
Chief Health Officer,
CRISSANDRA ARREOLA,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

William Sims, a Florida state prisoner proceeding through counsel, appeals the district court's final order granting summary judgment against Sims in his 42 U.S.C. § 1983 civil rights action, alleging deliberate indifference to serious medical needs regarding his prostate cancer. On appeal, Sims argues that: (1) the district court erred in granting summary judgment based on Sims's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) since "it is quite possible that Mr. Sims had in fact exhausted his administrative remedies"; and (2) the district court abused its discretion in refusing to appoint counsel for Sims. After careful review, we affirm.[1]

[1] Sims also argues that the district court improperly dismissed numerous other defendants and claims for failure to state a claim upon which relief could be granted. However, Sims did not include in any notice of appeal the earlier district court order dismissing those defendants and claims (dated October 9, 2008); he only provided that he was appealing the May 26, 2009 order. Where an "appellant notices the appeal of a specified judgment only . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1079-80 (11th Cir. 2003) (quotations omitted). While "it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal," KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006), and while we construe pro se pleadings liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998), there is absolutely no indication in Sims's notice of appeal that he intended to appeal the October district court order. Indeed, Sims never filed objections to the magistrate judge's report and recommendation affirmed in that order, and did not name any of these other defendants in the notice of appeal. Moreover, the dismissed parties have not participated in this appeal, nor in the lower court proceedings since they were dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(b)(ii). Because Sims failed to evince any indication of his intention to appeal the October district court order, we lack jurisdiction over this issue. See Whetstone, 351 F.3d at 1079-80.

We review de novo a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005). We also review de novo a district court's grant of summary judgment. Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. (quoting Fed.R.Civ.P. 56(c))). Although "[a]ll reasonable inferences arising from the evidence must be resolved in favor of the non-movant" on a motion for summary judgment, "inferences based

_____

Contrary to Appellee's claims, however, the district court did not lack jurisdiction to vacate its May 26 order, adopting the magistrate judge's April 23, 2009 report and recommendation, and enter a judgment on July 20, 2009, again adopting the April 23 report and recommendation. As the record shows, Sims filed objections to the April 23 report and recommendation on June 3, 2009; on June 15, 2009, Sims filed a notice of appeal from the district court's May 26 order; on July 20, 2009, the district court entered orders vacating its May 26 order, sua sponte, and adopting the April 23 report and recommendation after considering Sims's objections; and on August 25, 2009, Sims submitted a prisoner consent form authorizing the payment of the appellate filing fee from his prison account. We have held, in a related context, that the filing of a notice of appeal does not prevent the district court from taking action in furtherance of an appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). Because the district court's July 20 order considered Sims's objections, and then imposed an order substantively identical to the May 26 order, the district court was merely acting in furtherance of the appeal, see id. at 1179-80 (recognizing "power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal"), and Sims's June 15 notice of appeal did not divest the district court of jurisdiction. Furthermore, we construe Sims's August 25 prisoner consent form as the equivalent of an amended notice of appeal, Smith v. Barry, 502 U.S. 244, 248-49 (1992), signifying that Sims timely appealed the district court's operative, July 20, order.

3

upon speculation are not reasonable." Marshall v. City of Cape Coral, Fla., 797 F.2d 1555, 1559 (11th Cir. 1986). We review the denial of a motion to appoint counsel in civil cases for abuse of discretion. See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).

First, we find no merit in Sims's claim that the district court erred in concluding that he failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). Procedurally, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 . . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

The Supreme Court has held that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216

4

(2007). A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint. See id. at 215. Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading. See id. at 211-14.

The rules for Florida inmate grievances, as published in the Florida Administrative Code, provide first for an inmate to file an Informal Grievance, see F.A.C. § 33-103.005(1), and thereafter, if dissatisfied with the response, to file a formal grievance at the institution, see F.A.C. § 33-103.006, et seq. Thereafter, in the event that the inmate feels the grievance was not satisfactorily resolved during the formal grievance procedure, he may file a Request for Administrative Remedy or Appeal to the Office of the Secretary, see F.A.C. § 33-103.007, et seq. See Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004).

In the case of medical concerns, the Florida Administrative Code provides that the inmate may bypass use of an initial informal grievance, and begin his medical complaint with a formal grievance at the institution. See F.A.C. § 33-103.006(3)(e). This is known as a formal "Grievance of a Medical Nature." F.A.C. § 33-103.008. If the inmate is dissatisfied with the result of the medical formal grievance (e.g., if it is denied), the Code provides that (like a non-medical formal grievance), the inmate is authorized to appeal to the Office of the Secretary.

5

See F.A.C. § 33-103.007.  The Code provisions establish time frames for the filing of informal grievances, formal grievances, and grievance appeals to the Office of Secretary, see F.A.C. §§33-103.011(1); and specifically provides an avenue for inmates to request extensions of time, which may be granted on an inmate's showing that meeting the filing deadline was not feasible, and that he made a good faith effort to file in a timely manner. See F.A.C. § 33-103.011(2).

As the record shows, Sims testified at his deposition that between November 2006 -- when he had a biopsy -- and March 2007 -- when he had a prostate surgery -- he had filed four grievances "to medical."  When Sims was asked whether he had appealed any of his grievances to the Office of the Secretary in the Central Department of Corrections ("DOC") Office in Tallahassee, he said he had not done so, but had instead written a letter to Marta Villacorta, the DOC Regional Director for Region IV.  Sims explained that he did not appeal to the DOC Central Office in Tallahassee because he "was not concerned about Tallahassee," but rather "was concerned about treatment."  Thus, Sims conceded that he had not appealed to the DOC Central Office, as provided by Florida law.

On appeal, Sims contends that "[his] case is properly seen as one stemming from 2002" and that "it is quite possible that Mr. Sims had in fact exhausted his administrative remedies."  Br. at 21.  However, this argument was never presented

to the district court and is therefore not preserved for review.  See Tannenbaum, 148 F.3d at 1263 (11th Cir. 1998) (holding that although we are required to liberally construe a pro se pleading, issues not raised in the district court are deemed waived).  Further, there is no record evidence that Sims ever exhausted his administrative remedies with respect to any grievance between 2002 and 2007, and we will not reverse the district court's grant of summary judgment based on Sims's mere speculation that it is "quite possible" that he exhausted his remedies. Marshall, 797 F.2d at 1559.  Finally, we find no merit in Sims's claim that when he received his radical prostatectomy, "there was nothing to appeal from and the resolution of those specific grievances completed the exhaustion."  Indeed, because the crux of Sims's case is that his treatment was delayed, the fact that he ultimately received treatment does not excuse him from failing to appeal the denial of his claims to the Office of the Secretary -- which he did not do.

In short, Sims filed one or more formal medical grievances at the institutional level but failed to appeal any of these grievances to the DOC Central Office in Tallahassee before filing his § 1983 complaint. The district therefore court properly entered summary judgment dismissing Sims's complaint pursuant to 42 U.S.C. § 1997e(a).

We also reject Sims's argument that the district court abused its discretion in refusing to appoint counsel for Sims. Section 1915 of Title 28 provides for proceedings in forma pauperis, and states "[a] court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute's use of the word "may" "clearly connotes discretion." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994)). Thus, as we've recognized, a plaintiff in a civil rights case has no absolute statutory or constitutional right to counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).

As applied here, the district court acted within its discretion in refusing to appoint counsel for Sims. Sims's claims -- i.e., the denial and delay of medical treatment -- were relatively straightforward, involving incidents of which Sims had first-hand knowledge. Cf. id. at 1091, 1096 (finding that suit for alleged infringement of inmate's constitutional right to practice religion and for retaliation for practice of religion did not present "exceptional circumstances" justifying appointment of counsel). In fact, the dispostive question in the case involved

8

whether Sims exhausted administrative remedies prior to filing suit -- facts necessarily known to Sims. Moreover, as demonstrated by the quality of the Sims's written pleadings which included appropriate citations to legal authority, Sims was capable of representing himself adequately and clearly understood the fundamental issues in his case. See id. at 1096. While Sims, like any other litigant, may have been helped by the assistance of a lawyer, his case was not "so unusual that the district court abused its discretion by refusing to appoint counsel." Bass, 170 F.3d at 1320.

**AFFIRMED.**