[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12477
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cv-01235-ODE

LONZIE MCCALL,

Plaintiff-Appellant,

versus

CAPTAIN SANDRA COOK,
MAJOR NELSON,
Henry County Jail, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff, a Georgia state prisoner proceeding pro se, appeals the District Court's grant of summary judgment in favor of Defendants on Plaintiff's section 1983 civil rights complaint.  No reversible error his been presented; we affirm the judgment.

On appeal, Plaintiff contends that prison doctor James Barlow and prison guard Bobby Sloan were deliberately indifferent to Plaintiff's serious back, hip, and thigh-pain-related medical needs.[*]  Plaintiff also appeals the District Court's denial of Plaintiff's motion for appointment of counsel.

We review de novo the District Court's grant of summary judgment, viewing all evidenced facts and reasonably drawn inferences in the light most favorable to the non-moving party.  Burton v. City of Belle Glade, 178 F.3d 1175, 1186-87 (11th Cir. 1999).

To show constitutionally inadequate treatment in violation of the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 97

---

[*] Plaintiff presents no arguments on appeal about the other named defendants; so, contentions about the other defendants are abandoned.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

S. Ct. 285, 292 (1976).  Mere allegations of negligence or medical malpractice establish no constitutional violation.  Id.  And to prevail on an inadequate medical treatment claim requires that a plaintiff satisfy both an objective and subjective requirement.  E.g., Burnette v. Taylor, 533 F.3d 1325 (11th Cir. 2008).

Here, Plaintiff fails to show a genuine issue of material fact.  Plaintiff's medical records indicate that he was examined by Dr. Barlow on six occasions for back-pain-related reasons.  Dr. Barlow also prescribed Plaintiff medicine for the pain.  While Plaintiff may have had a serious medical need that was later discovered at a different facility, Dr. Barlow's decision to order no x-ray or other diagnostic imaging was a medical judgment that does not amount to deliberate indifference.  See Estelle, 97 S. Ct. at 292-93.  And no record evidence shows that Sloan was deliberately indifferent in denying, delaying, or interfering with Plaintiff's medical care.  See id. at 291.  So, no genuine issue of material fact about deliberate indifference to a serious medical need exists on this record.

Plaintiff also contends that the District Court erred in denying Plaintiff's motion for the appointment of counsel.  Plaintiff contends that he was prejudiced by having no appointed counsel.  Briefly stated, Plaintiff says he needed legal assistance with discovery and trial preparation because of Plaintiff's lack of legal

3

training, the complexity of the legal and medical issues, and the likelihood of the need for expert testimony.

We review the District Court's decision about whether to appoint counsel for abuse of discretion. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). "A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances[.]" Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted).

This case involves no "exceptional circumstances": the issues were relatively straightforward and based on incidents personally experienced by Plaintiff. See Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1985). And the record indicates that Plaintiff was able to ascertain the legal and factual basis of his claim and to present adequately the "essential merits" of his case. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

We AFFIRM the District Court's grant of summary judgment in favor of Defendants.

AFFIRMED.

4