[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12243
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00052-JSM-AEP

GLENN SMITH,

Plaintiff-Appellant,

versus

WARDEN, HARDEE CORRECTIONAL INSTITUTION,
in its official and individual capacities,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
in its official and individual capacities, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Glenn Smith, a Florida prisoner, appeals *pro se* the dismissal without prejudice of his original complaint and the partial dismissal and partial summary judgment against his amended complaint against officials of the Florida Department of Corrections about the conditions of his confinement. Smith also challenges the denial of his motions for a preliminary injunction, for class certification and appointment of counsel for the class action, and for sanctions; the partial denial of his motion to recover the costs related to service of process; and the award of costs to the officials. We affirm.

The district court did not abuse its discretion when it denied Smith's motion for a preliminary injunction. Smith sought an order to compel the Warden of Hardee, the supervisor of library services for Hardee, and Kathy Connor, an employee of the Department, to provide word processing and copy services for him. Smith sought the services to petition the Supreme Court for a writ of certiorari that would curtail "violations of [his] constitutional rights by officials [of the Department] and a state court judge." But Smith was not entitled to an injunction when there was no reasonable likelihood that he could succeed on the merits. *See Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001). Smith failed to satisfy two threshold requirements for his complaint of a denial of access to courts: (1) he lacked standing in the absence of any allegation that the officials impeded his efforts to pursue a viable cause of action, *see Bass v. Singletary*, 143

F.3d 1442, 1445 (11th Cir. 1998); and (2) he failed to identify even a colorable claim for relief. *See Barbour v. Haley*, 471 F.3d 1222, 1225–26 (11th Cir. 2006).

The district court also did not abuse its discretion when it denied Smith's motions to appoint counsel and to certify a class action. Smith alleged, on behalf of himself and other similarly situated inmates, that his exposure to cold weather and rain without adequate clothing and bedding constituted cruel and unusual punishment in violation of the Eighth Amendment. But Smith enjoys no constitutional right to the appointment of counsel in a civil action; appointed counsel is "a privilege . . . justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987)). Smith's complaint required no significant investigation or research because Smith and the officials agreed about the clothing and provisions made available to inmates. The district court also reasonably determined that Smith was not an adequate class representative because his complaint was atypical of other inmates. *See* Fed. R. Civ. P. 23(a). Smith alleged that he was unusually sensitive to cold weather, which he defined as any temperature below 75 degrees, and his uncommon issues predominated over the class-wide issues of whether the prison was heated

adequately and whether all inmates were supplied adequate clothing. *See Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).

The district court also did not abuse its discretion when it dismissed Smith's original complaint for noncompliance with Federal Rule of Civil Procedure 20(a). A complaint against multiple defendants must allege claims that arise "out of the same transaction, occurrence, or series of transactions or occurrences" and that involve a "question of law or fact common to all defendants," Fed. R. Civ. P. 20(a), but Smith's complaint alleged three unrelated claims against different officials. Smith complained that the Warden, the supervisor of library services, and Connor interfered with his right of access to the courts in violation of the First and Fourteenth Amendments and state law; the Warden and Eugenia Wellhausen, an employee of the Department, conducted unreasonable searches of his cell in violation of the Fourth Amendment; and the Warden, Connor, and Wellhausen supplied inadequate clothing and bedding to protect inmates against the weather in violation of the Eighth Amendment. Smith's status as a *pro se* litigant did not relieve him of the obligation to comply with Rule 20(a). *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The district court correctly dismissed *sua sponte* Smith's claim in his amended complaint for compensatory and punitive damages as barred by the Prison Litigation Reform Act. Smith alleged that he was provided inadequate

4

clothing and bedding, but he failed to allege that the quantity or quality of the goods affected his health or caused him to suffer a physical injury under the Act. *See* 42 U.S.C. § 1997e(e). Smith alleged that he was cold and wet and that he woke twice during the night, but he acknowledged that those conditions never made him sick. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002) ("[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis."). Smith argues that the district court failed to consider that he suffered from hypothermia, but Smith did not mention that self-diagnosed condition until two years after the dismissal of his claim for damages. Even so, Smith never alleged that he required medical treatment because of the officials' conduct. *See id.*

Smith argues that the district court should have construed his complaint liberally to request nominal damages, but even if we were to assume that the district court erred in this respect, any error was harmless. "Nominal damages are appropriate [only] if a plaintiff establishes a violation of a fundamental constitutional right." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). Smith failed to do so.

The district court did not err by dismissing Smith's complaints that Connor and Wellhausen were deliberately indifferent to his need for adequate clothing and

5

bedding. Smith alleged that Connor and Wellhausen denied grievances and appeals on behalf of the Secretary of the Department, but Smith failed to allege that Connor and Wellhausen were involved in determining the inmates' winter and wet weather gear. *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Smith also failed to allege that either official had authority over a subordinate who selected the clothing and bedding. *See Franklin v. Curry*, 738 F.3d 1246, 1249–50 (11th Cir. 2013). Smith's complaint failed to state a claim against Connor and Wellhausen. *See* Fed. R. Civ. P. 12(b)(6).

The district court also did not abuse its discretion by granting in part and denying in part Smith's motion to recover the costs that he incurred to serve process on the Warden, the Secretary, Connor, and Wellhausen. The district court reasonably determined that the Warden and the Secretary should pay the fee charged to serve their summons because they "fail[ed], without good cause, to sign and return a waiver requested by" Smith. Fed. R. Civ. P. 4(d)(2)(A). But the district court reasonably refused to order the Warden and the Secretary to reimburse Smith for the costs he allegedly incurred for copying, mailing, and making telephone calls because he failed to substantiate those expenses. *See id.* 4(d)(2)(B). The district court lacked jurisdiction to impose any expenses on Connor and Wellhausen when Smith failed to serve them in compliance with Federal Rule of Civil Procedure 4(e)(2). *See Murphy Bros. v. Michetti Pipe*

6

*Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327 (1999); *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924–25 (11th Cir. 2003). Later, when Connor and Wellhausen waived service of process and responded to the complaint, Smith did not incur any "expenses . . . in making service" that he could recover from the officials.

Smith argues that the officials should have been sanctioned for moving to quash service of process and opposing the requirement that they waive service, but the district court did not abuse its discretion by refusing to impose sanctions. A district court may sanction a party for filing a pleading that lacks a reasonable factual basis; that is predicated on a frivolous legal theory; or that is submitted in bad faith for an improper purpose. *See* Fed. R. Civ. P. 11(b), (c); *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). Smith was not entitled to sanctions against Connor and Wellhausen because they were never properly served with process. And the district court reasonably determined that the Warden and the Secretary opposed paying the service fee and waiving service of process based on a good-faith argument that Smith, who is a frequent filer, should bear his own costs to curtail his abusive litigation. *See generally* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). In making that determination, the district court was entitled to rely on the officials' undisputed evidence that Smith was an abusive litigant, *see Smith v. Crosby*, 543 U.S. 1019,

7

1019, 125 S. Ct. 667, 667 (2004); *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1061 & n.1 (11th Cir. 2013), and that he used the resources of family and friends to evade paying the substantial liens on his prison account.

The district court also did not err by entering summary judgment in favor of the Warden and the Secretary. Smith failed to present evidence that he was exposed to a condition of confinement sufficiently "extreme" to create "an unreasonable risk of serious damage to his future health or safety" and that the Warden and the Secretary acted with deliberate indifference to Smith's risk of harm. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks and citation omitted). Smith offered no evidence that he faces an unreasonable risk of harm from his exposure to cold and rainy conditions in the southern central region of Florida as he walks outside to and from his residential building for meals and appointments or when he goes outside to the recreation yard. Smith testified that he had a prison-issued jacket, three sets of uniform shirts and pants, twice as many pairs of socks, and four t-shirts; the prison also provided a coat, two sets of thermal underwear, and an extra blanket during the winter; he obtained from prison officials a medical pass that allows him to wear institution-issued boots; and he acquired a rain poncho. Even if we were to assume that the weather is unpleasant to Smith because he is unusually cold-natured, his situation does not pose an unreasonable risk to his health. Smith also failed to present any

evidence that he was unreasonably exposed to cold conditions inside the prison during the winter. Smith acknowledged that he layered his clothing and he had available four blankets under which to stay warm, and the officials established, without dispute, that inmates' cells are heated and maintained between 65 and 72 degrees during the winter.

The district court did not abuse its discretion when it taxed Smith $600.25 for the costs of his deposition and $77.10 for the copy expenses incurred by the officials. As the prevailing party, the officials were entitled to recover the reasonable expenses that they incurred in their defense, *see* 28 U.S.C. § 1920; *Gilchrist v. Bolger*, 733 F.2d 1551, 1556–57 (11th Cir. 1984), and the officials submitted evidence to corroborate their costs. The district court reasonably declined to reduce the award requested by the officials based on Smith's alleged indigency because he failed to provide "substantial documentation of a true inability to pay." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). As explained by the district court, Smith garnered enough money to pay the $400 fee to file his amended complaint and the $505 fee to appeal the dismissal of his initial complaint.

We **AFFIRM** the judgment against Smith.

9