Larry G. COKER, Plaintiff–Appellant,

v.

CORIZON MEDICAL SERVICES, INC., Commissioner, Alabama Department Of Corrections, Barry Barrett, Hugh Hood, Sayhu, Debbie Hunt, Hooper, Nurse, Randy Stubbs, Jon Filyaw, et al., Defendants–Appellees,

Ambrosity, Nurse, Defendant.

No. 15–11414
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 10, 2016.

Larry G. Coker, Harvest, AL, pro se.

Limestone CF Warden, Limestone CF, Harvest, AL, for Plaintiff–Appellant.

Philip Guy Piggott, Starnes Davis Florie, LLP, Birmingham, AL, for Defendant–Appellee.

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Larry Coker, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the Defendants on Coker's 42 U.S.C. § 1983 claims of deliberate indifference and violations of his First, Eighth, and Fourteenth Amendment rights. Coker contends that (1) the district court improperly and wrongly decided disputed issues of material fact when it granted summary judgment as to Coker's claims that the Defendants were deliberately indifferent to several serious medical needs, (2) the district court erred in requiring Coker to prepay a copying fee of 50 cents per page in order to obtain copies of his medical records on file with the court, and (3) the district court erred in refusing to appoint Coker counsel. After review,[1] we affirm.

■ The district court did not engage in improper fact finding. Rather, the district court relied upon unrebutted and inadequately rebutted summary judgment evidence to conclude that no genuine issue of material fact existed as to essential aspects of Coker's claims. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir.2012) (quotations omitted) (describing the non-movant's burden to identify rebuttal evidence that is "significantly probative of a disputed fact").

■ Coker has failed to identify evidence corroborating his primary grievance, that his major infection was caused by the Defendants' refusal to provide Coker with antibiotics during a prostate biopsy. In response to the Defendants' producing medical records indicating Coker had been given antibiotics before, during, and after his prostate biopsy, Coker provided only his allegation that the records were falsified and evidence suggesting Dr. Sahu did not believe that Coker needed antibiotics. Neither Coker's unsupported allegation nor evidence of Dr. Sahu's opinion create a genuine issue of material fact. Even if Dr. Sahu believed that Coker did not need antibiotics, Coker's medical records indicate that Dr. Barrett prescribed them. Thus, Coker fails to establish a genuine issue of material fact pertinent to the care he received from the Defendants relating to his prostate biopsy and surgery.[2] *See Farrow v. West*, 320 F.3d 1235, 1245–46 (11th Cir.2003) (quotation omitted) ("[D]eliberate indifference entails more than mere negligence."); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991) (quotation omitted) ("Medical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.").

■ Coker has also failed to identify any evidence corroborating his claims regarding the Defendants' dental care and treatment of his staph infection. Coker's

---

1. We review for an abuse of discretion the district court's denial of a motion for appointment of counsel in a civil case. *Steele v. Shah*, 87 F.3d 1266, 1270 (11th Cir.1996).

   We review *de novo* a district court's order granting summary judgment. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1309 (11th Cir. 2011). Summary judgment is appropriate when, viewing all of the evidence and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter

of law. *Id.; see also* Fed.R.Civ.P. 56(a). "A genuine factual dispute exists if a jury could return a verdict for the non-moving party." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir.2004) (quotation omitted).

2. Much of the other evidence to which Coker refers establishes Coker's serious medical need and post-operative complications. The evidence does not, however, provide a basis upon which a jury could find that the Defendants deviated from the standard of care applicable to a deliberate indifference claim.

own summary judgment evidence indicates that Coker's staph infection was treated similarly to any non-prisoner patient presenting similar symptoms. Likewise, Coker's dental records indicate that the Defendants both identified and offered to resolve Coker's dental needs but that Coker refused the Defendants' recommended treatment and demanded different treatment. At most, the summary judgment evidence indicates that Coker and the Defendants disagreed regarding the best way to treat Coker's medical and dental needs. *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.1989) (holding that a difference in medical opinion does not constitute deliberate indifference). Therefore, the district court properly and correctly concluded that a jury could not find in favor of Coker on his deliberate indifference claims.

The district court did not err when it refused to provide Coker with free copies of his medical reports. The court correctly applied the fee schedule set forth by the Judicial Conference, and Coker's *in forma pauperis* status did not require the district court to provide free copies of discovery documents. *See* 28 U.S.C. §§ 1914(b), 1915. The district court also did not abuse its discretion in refusing to appoint counsel to represent Coker. Coker's case does not present exceptional circumstances, and Coker has shown the ability to litigate the case without the assistance of counsel. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir.1999) (finding no exceptional circumstances warranting appointment of counsel when "[t]he core facts of the case—the conditions of the plaintiffs' confinement—are not in dispute, and their legal claims—violations of the Eighth and Fourteenth Amendments—are straightforward"); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) ("The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.").

**AFFIRMED.**