[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13376
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cv-00126-MCR-HTC

CHRISTOPHER G. PARKER,

                                        Plaintiff - Appellant,

versus

MARK T. ESPER,
Secretary of Defense,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 19, 2021)

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Christopher Parker, proceeding *pro se*, appeals the district court's order granting the government's motion for summary judgment on his discrimination claims under Title VII, 42 U.S.C. § 2000e, the Age Discrimination Employment Act, 29 U.S.C. § 621, and the Americans with Disabilities Act, 42 U.S.C. § 12112. The district court ruled that the Defense Commissary Agency—an agency of the Department of Defense—could not be liable for the alleged discrimination because it was not Mr. Parker's joint employer. The government has moved for summary affirmance and to stay the briefing schedule. Mr. Parker has not responded to the motion and has not filed his brief.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review an order granting summary judgment *de novo*. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings

2

drafted by attorneys. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is no genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Where there are no genuine issues of material fact, a court may decide whether an entity is a joint employer, in lieu of a jury. *See Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994).

In analyzing the joint employment question, a court considers the totality of the circumstances to determine whether an employer-employee relationship exists. *See Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir. 1968). Two entities are joint employers when they have contracted in good faith and "co-determine" the essential terms of employment. *See Virgo*, 30 F.3d at 1360. In determining whether an entity is a person's employer, we consider whether the employment took place on the alleged employer's premises, how much control the alleged employer asserted, and the extent to which the alleged employer had the power to modify employment conditions. *See Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1255 (11th Cir. 2004). Indirect control is insufficient to deem an entity a joint employer. *See id.* at 1256.

Viewing the facts in the light most favorable to Mr. Parker, there is no substantial question about the proper outcome of the case. Mr. Parker did not

3

respond to the government's motion for summary judgment, and the district court correctly granted the government's motion on the ground that the DCA was not Mr. Parker's joint employer. *See Groendyke*, 406 F.2d at 1162. Though Mr. Parker's employment did take place on the DCA's premises—the DCA operates the Hurlburt Field Commissary where Mr. Parker worked—the remaining *Morrison* factors support the conclusion that the DCA was not Mr. Parker's joint employer.

First, the DCA did not exert much control over Mr. Parker. Mr. Parker admitted in his pre-complaint questionnaire that the DCA only assigned him duties "at times," but that the Brevard Achievement Center assigned the bulk of his job responsibilities—including his schedule and work hours. Additionally, Mr. Parker contracted with the BAC, not the DCA, for his employment. This supports the conclusion that the DCA did not exert control over Mr. Parker as an employee, despite occasionally assigning him tasks, because indirect control is insufficient to make the DCA a joint employer. *See Morrison*, 383 F.3d at 1256.

Second, Mr. Parker did not present facts to create a jury question on whether the DCA had the power to modify his employment conditions. Mr. Parker earned and requested leave from the BAC. Moreover, the BAC performed his performance evaluations, and the BAC was responsible for handling any disciplinary actions. Furthermore, Kevin Hennelly (the director of the Equal Employment Office at the DCA) attested in his affidavit that the DCA was not involved in the decision to

4

terminate Mr. Parker, and Mr. Parker checked on his questionnaire that he was not a federal employee.

Third, there is no substantial question that the district court did not err in denying Mr. Parker's motion to compel and motion for an enlargement of time in its omnibus order. There is no legal mechanism that allowed the district court to compel payment of fees for the purpose of acquiring hearing transcripts. To the extent that Mr. Parker is appealing an unnamed order declining appointment of counsel, appointment of counsel in civil cases is only warranted in cases with exceptional circumstances, which Mr. Parker has yet to demonstrate exists in his case. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

In sum, there is no substantial question as to the outcome of the case, as the DCA was not Mr. Parker's joint employer. Although the employment took place on the DCA's premises, Mr. Parker did not present facts to create jury questions on whether the DCA exerted control over him or whether the DCA had the power to modify his employment conditions. *See Morrison*, 383 F.3d at 1255. Additionally, there is no substantial question that the district court did not err in denying Mr. Parker's motion to compel and motion for an enlargement of time. Accordingly, the government's motion for summary affirmance is **GRANTED** and its motion to stay the briefing schedule is **DENIED** as moot.

**AFFIRMED**.

5