[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12601

_____

D.C. Docket No. 06-00008-CV-3-RV-MD

FILED

U.S. Court of Appeals

Eleventh Circuit

*March 1, 2013*

John Ley, Clerk

RUSSELL T. NEAL,

Plaintiff-Appellant,

versus

OFFICER CASSIDAY, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 1, 2013)

Before TJOFLAT, HULL, and KRAVITCH, Circuit Judges.

PER CURIAM:

This is a pro se civil rights case brought under 42 U.S.C. § 1983 by Russell

T. Neal, an inmate in the Florida prison system, against four correctional officers

for the infringement of the Eighth and Fourteenth Amendments right to be free

from cruel and unusual punishment. Neal alleges that the officers beat him and cuffed his hands behind his back despite a medical pass indicating that due to torn rotator cuffs in his shoulders, they should be cuffed in front of his body. Neal moved the district court for the appointment of counsel on five occasions as the case progressed toward trial. His motions were denied. At trial, the jury returned verdicts for the defendants. Neal appeals the judgment entered pursuant to the jury's verdicts, arguing that the court abused its discretion in refusing to appoint counsel.

Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for civil litigants proceeding in forma pauperis when exceptional circumstances warrant such appointment. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).

In deciding whether to grant a request for counsel from an indigent prison inmate, a district court should answer two threshold questions. First, has the movant looked for counsel? See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). Second, does the plaintiff's case have merit? Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). In determining whether "exceptional circumstances" warrant appointment of counsel, the district court may consider various factors, including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position

2

to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Ulmer, 691 F.2d at 213 (cited with approval in Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)). Because the issue is whether counsel should have been appointed before trial, we are precluded from hindsight reevaluation of whether appointment was necessary based on Neal's performance at trial. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

We conclude that Neal satisfied the threshold requirements for appointment of counsel for his jury trial and, further, that he has shown exceptional circumstances that warrant appointment. Although his legal claims were neither novel nor unusually complex, his pre-existing partial blindness and his transfer to different prisons as the case progressed toward trial significantly undermined his ability to prepare for trial. Due to the prison system's inter-institution communication–prohibition rules, he was unable to find addresses for almost all his witnesses. Locating the witnesses was critical because the case consisted mainly of conflicting testimony about the handcuffing and beating.

We therefore vacate the district court's judgment in favor of the defendants, and remand the case with instructions that the district court grant Neal's motion for a new trial and appoint counsel to represent him at trial.

VACATED and REMANDED.