[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14488
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20790-MGC

JAMES MELVIN CRAMER,

Plaintiff-Appellant,

versus

JORGE AGULIAR,
Medical Doctor,
WARDEN, FLORIDA DEPARTMENT OF CORRECTIONS,
JULIO POVEDA,
Doctor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 8, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff James Melvin Cramer appeals the district court's denial of his motion for appointment of counsel. We find no error in that denial and affirm.

Cramer, an inmate of the Florida Department of Corrections, suffers from several maladies, including diabetes. Cramer refused insulin injections and received pills instead. He alleges a delay in receipt of his medication as the underlying factual basis for the action. Cramer requested appointment of counsel to prosecute his case and the magistrate judge summarily denied the request.

The parties disagree as to whether this Court should review for abuse of discretion or plain error. Defendants argue that Cramer failed to object to the magistrate judge's recommendation and thus the plain error standard applies. Cramer argues that he did not receive adequate notice of the necessity to object to the magistrate judge's recommendation. We need not resolve this matter because the district court did not err under any standard of review.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court may appoint counsel to a plaintiff under exceptional circumstances but "has broad discretion in making this decision." Id. Cramer argues that an application of the non-exhaustive factors from Neal v. Cassiday, 511 F. App'x 865 (11th Cir 2013), demonstrates that his case is indeed exceptional. Those four factors are "(1) the type and complexity of

2

the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." Id. at 865-66.

Even applying the Neal factors as Cramer suggests, the Court can find no error in the denial of appointment of counsel. Cramer's brief contains a concession that he was able to locate addresses of witnesses, so he has proved to be in a position to investigate his case. Unlike the circumstances of Neal in which the plaintiff actually lost at trial, here the district court dismissed or granted summary judgment to all Defendants, so no cross-examination of witnesses was necessary. Finally, although Cramer alleges that he lacks focus, he produced cogent filings for the district court, including the motion to appoint counsel.

AFFIRMED.